**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**TYRONE BURRELL**                                                       **PETITIONER**

**V.**                                                       **CIVIL ACTION NO. 3:17CV9-NBB-RP**

**ATTORNEY GENERAL JIM HOOD and
CENTRAL MISSISSIPPI CORRECTIONAL**                      **RESPONDENTS**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Petitioner Tyrone Burrell, a Mississippi inmate currently housed at the Central

Mississippi Correctional Facility, has filed a federal habeas petition pursuant to 28 U.S.C. § 2254

challenging his State court conviction for kidnapping.  Having considered the submissions of the

parties, the State court record, and the law applicable to Burrell's claims, the Court finds that an

evidentiary hearing is unnecessary, and that the petition should be denied.

**I
Background Facts and Procedural History**

On November 5, 2012, Burrell approached seventy-five year old Charlie Jeter at Bally's

Casino in Tunica, Mississippi, offering to sell Charlie Pall Mall cigarettes for $1 a carton.  *See*

Doc. #10-3 at 138-140, 148.  Charlie agreed to purchase the cigarettes, and Burrell asked him for

$20.  *Id*. at 139-40.  Charlie paid Burrell $20 and then retrieved the car keys from his wife,

Fredna, so that he could put the cigarettes that Burrell was going to sell him in the car.  *Id.* at

119-120.  Charlie and Burrell went into the parking lot, where Burrell displayed a gun and

demanded that Charlie drive him to Memphis.  *Id.* at 140-141.  Upon their arrival at a

subdivision in Memphis, Burrell demanded more money, at which point Charlie gave him an

additional $65.  *Id*. at 141.  Burrell told Charlie to leave, and Charlie did so, driving back to the

casino. *Id*. at 141-32.  By the time Charlie arrived at the casino, police were already at the casino, having been alerted by Fredna that Charlie was missing.  *See, e.g.*, *id*. at 77-81. Burrell was subsequently arrested.

On May 9, 2014, Tyrone Burrell was convicted of kidnapping in the Circuit Court of Tunica County, Mississippi.  Doc. #10-4 at 60.  Burrell was charged as an habitual offender under Miss. Code Ann. §99-19-83, a statute under which a conviction carries a life sentence.  *See* Doc. #10-1 at 12.  Additionally, his charge carried an enhancement under Miss. Code Ann. § 99-19-351, which allows the sentence to be doubled if the victim is over the age of 65, and an enhancement under Miss. Code Ann. § 97-37-37, which allows for an additional five-year sentence if a firearm is used in the crime.  *Id*. at 10-12.  The trial court did not double the sentence or impose the additional five years, but rather, sentenced Burrell to thirty years in the custody of the Mississippi Department of Corrections as an habitual offender under Miss. Code Ann. § 99-19-81.  Doc. # 10-4 at 79-81.  On direct appeal, the Mississippi Supreme Court affirmed Burrell's conviction and sentence.  *See Burrell v. State*, 183 So. 3d 19 (Miss. 2015), *reh'g denied* January 21, 2016 (Cause No. 2014-KA-00670-SCT).  Burrell did not seek a writ of certiorari in the United States Supreme Court.

Aggrieved the direct appeal decision, Burrell sought permission from the Mississippi Supreme Court to proceed with a motion for post-conviction collateral relief.  *See* Doc. #10-8 at 40-96.  His application was denied by the Mississippi Supreme Court.  *See* Doc. #9-2 (Cause No. 2016-M-00576).  Thereafter, Burrell filed a "Motion to Correct Illegal Sentence" in the Mississippi Supreme Court, alleging that he was illegally sentenced and attaching a second application for permission to file for post-conviction relief to the motion, maintaining that he

2

received the ineffective assistance of counsel.  *See* Doc. #10-8 at 6-19, 20-36.  The Mississippi Supreme Court interpreted the entire pleading as a second application for leave to file a petition for post-conviction relief and denied it.  Doc. #9-3 (Cause No. 2016-M-00576).

Thereafter, on or about January 13, 2017, Burrell filed the instant petition, raising the following grounds for relief, as summarized by Respondents:

Ground One:  The trial court erred in selecting alternative jurors.

Ground Two:  The trial court erred in denying Petitioner's motion for a new trial because the verdict was against the overwhelming weight of the evidence.

Ground Three:  The trial court imposed an illegal sentence as an habitual offender pursuant to Miss. Code Ann. § 99-19-81, when Petitioner was indicted pursuant to Miss. Code Ann. § 99-19-83.

Ground Four:  Ineffective assistance of trial counsel for failure to call witness Patricia Newell.

## II
## Legal Standard

The Court's review of Burrell's claims is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because his federal habeas petition was filed after the statute's effective date.  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  The AEDPA prevents the grant of federal habeas relief on any claim adjudicated on the merits in state court unless that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established United States Supreme Court precedent; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the presented evidence.  *See* 28 U.S.C. § 2254(d)(1) & (2); *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

A state court's decision is "contrary to" Supreme Court law if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state

court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The "unreasonable application" clause is reserved for decisions that either fail to identify the correct governing law, or identify the correct governing law but misapply it to the case. *Id*. at 407. Under this standard, a state court's decision will not warrant federal habeas relief unless its application of federal law is both incorrect *and* unreasonable. *Garcia v. Dretke*, 388 F.3d 496, 500 (5th Cir. 2004) (emphasis in original) (citation omitted). A reviewing habeas court considers only the state court's conclusion when determining whether there has been an unreasonable application of federal law, not the court's reasoning in reaching the decision. *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002).

When considering whether the state court's decision was based on unreasonably determined facts, the federal court must presume that the state court determined the facts reasonably; it is the petitioner's burden to prove otherwise with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1).

### III
### Procedurally Barred Claims

The claims raised by Burrell in Grounds One, Three, and Four were found procedurally barred by the Mississippi Supreme Court. The Court notes that "[w]hen a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas relief is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722 (1991)). The adequacy of the procedural bar applied to Burrell's claims in State court depends on "whether Mississippi has strictly or

4

regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997), (citing *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). However, Burrell bears the burden of demonstrating "that the state did not strictly or regularly follow a procedural bar around the time of his appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id.*

If a petitioner cannot demonstrate the inapplicability of a procedural bar, federal habeas courts are precluding from reviewing State cases applying such a bar unless the petitioner can demonstrate cause and actual prejudice, or that a fundamental miscarriage of justice would result if the claim were not reviewed. *See Coleman*, 501 U.S. at 750; *see also Martin v. Maxey*, 98 F.3d 544, 849 (5th Cir. 1996) (*citing Sawyer v. Whitley*, 505 U.S. 333 (1992)). The Supreme Court has held that in order for a court to find the cause necessary to excuse such procedural default, "there must be something ***external*** to the petitioner, something that cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753 (emphasis in original). Examples of objective factors that have been found to constitute such cause include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [the petitioner]." *McClesky v. Zant*, 499 U.S. 467 (1991). Attorney error may constitute "cause" in some circumstances; however, attorney error that does not amount to constitutional ineffectiveness will not excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

If a petitioner is unable to demonstrate cause and prejudice, he may nonetheless obtain review of his claim by demonstrating that the application of the procedural bar would result in a miscarriage of justice because he is actually innocent of the crime. *See, e.g., House v. Bell*, 547

U.S. 518, 537-38 (2006). However, a persuasive claim of actual innocence requires that a petitioner support his claim "with new, reliable evidence that was not presented at trial and show that it was more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

### i) Ground One

Burrell claims that the trial judgment improperly chose alternate jurors by allowing the Clerk to draw names out of a cup at the conclusion of trial. *See* Doc. #1 at 5-6. On direct appeal, this claim was barred due to Burrell's failure to lodge a contemporaneous objection. Specifically, the State court found:

> Burrell asserts that Judge Webster abused his discretion by ignoring the rules for selecting alternate jurors and, instead, drawing their names out of a paper cup. We hold that Burrell waived his claim about the judge's method of selecting alternate jurors because he did not lodge a timely objection.
>
> At the beginning of voir dire, Judge Webster explained that fourteen jurors would be selected. Rather than selecting twelve jurors and then two alternates, all fourteen would be selected at one time. He gave each attorney seven peremptory challenges; rather than allowing six challenges for the regular jurors followed by an additional one for alternates, he gave them seven without distinction between the regular and alternate jurors. Judge Webster explained that, at the end of the trial, he would pull two names out of a hat to determine who the alternates would be. Judge Webster commented that he "liked doing it that way." The attorneys did not object when he announced the method. After voir dire, fourteen jurors were selected; alternates were not designated.
>
> At the end of the trial, Judge Webster put all of the jurors' names into a paper cup. The deputy clerk drew out two names, and Judge Webster designated the individuals as the alternate jurors. Burrell's attorney objected to the judge's method at that point, citing Rule 4.05. He acknowledged that Judge Webster usually employed the method, but he wanted to make his objection for the record. Judge Webster overruled the objection, saying he found the rules regarding jury selection to be "directory only, not mandatory." At that point, the jury retired to

deliberate, and Judge Webster told the newly designated alternates they could leave.

When Judge Webster announced his intention to select the jury in his usual manner, neither side objected. Burrell's attorney did not object until after trial, when Judge Webster said he would draw names from a cup to decide who the alternates would be. Burrell waived the claim by not objecting at the beginning of voir dire when the judge could have changed his proposed method. *Vaughn v. State*, 712 So.2d 721, 725 (¶ 15) (Miss.1998) (citing *Myers v. State*, 565 So.2d 554, 557 (Miss.1990)) ("a party who fails to object to the jury's composition before it is empaneled waives any right to complain thereafter").

*Burrell v. State*, 183 So. 3d at 22.

Counsel did not object when the trial court first stated its means of selecting alternate jurors, nor did counsel object during the selection of jurors. *See id.* Rather, an objection was lodged at the end of trial, when no remedy existed. The Fifth Circuit has held that such a failure to present an issue to the trial court is an independent and adequate state procedural bar. *Smith v. Black*, 970 F.2d 1383, 1387 (5th Cir. 1992) (recognizing contemporaneous objection rule as regularly and consistent applied, with an exception not implicated here). Burrell has not demonstrated that the rule is inapplicable, and therefore, he has defaulted his federal habeas claim pursuant to an independent and adequate State law rule. The Court finds that Burrell has not demonstrated cause and prejudice or actual innocence in order to overstep the procedural bar, and therefore, the Court is precluded from considering the merits of Burrell's allegation in Ground One.

Alternatively, even if this claim were not procedurally barred, the Court notes that there is nothing before the Court to indicate that the selection of alternate jurors violated any federally-protected right, as the alternate jurors were subject to the same challenges, given the same qualifications, and were selected from the same source as were the deliberating jurors.

7

### ii) Grounds Three and Four

Both of the claims raised as Ground Three and Ground Four of the instant petition were found procedurally barred by the Mississippi Supreme Court due to waiver and as part of an impermissible successive petition. *See, e.g.*, Miss. Code Ann. § 99-39-21(1) and § 99-39-27(9). *See also* Doc. #9-3. The waiver provision, Miss. Code Ann. §99-39-21(1) reads:

> Failure by a prisoner to raise objection, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

The successive petition provision, Miss. Code Ann. §99-39-27(9) reads, in relevant part:

> The dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article. Excepted from this prohibition is an application . . . in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, that is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence. . . . [.]

### a) Ground Three

In Ground Three, Burrell complains that he was illegally sentenced as a non-violent habitual offender pursuant to Miss. Code Ann. §99-19-81, which mandates a maximum sentence, while he was *indicted* as a violent habitual offender pursuant to Miss. Code Ann. §99-19-83, which mandates a life sentence.

In this case, the Mississippi Supreme Court recognized that allegations of an illegal sentence may be excepted from the waiver and successive writ bars of the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss. Code Ann. §99-39-1, *et. seq*. *See* Doc. #9-3.

8

However, that court found that in order to overstep the bars, "some arguable basis for the truth of the claim must exist." *Id*. The Mississippi Supreme Court ultimately found:

> After due consideration, we find that Burrell's illegal-sentence claim lacks any arguable basis and is thus barred. The Court addressed the legality of Burrell's sentence on direct appeal. *Burrell v. State*, 183 So. 3d 19, 24-26 (Miss. 2015). Further, "this Court repeatedly has held that no error occurs when a defendant's sentence is illegally *lenient*." *Williams v. State*, 158 So.3d 309, 313 (Miss. 2015) (citation omitted).

*Id*.

Burrell argues that since this issue was raised on direct appeal, this claim is not subject to a procedural bar. *See, e.g.*, Doc. #15 at 6. However, on direct appeal, Burrell argued that the habitual-offender portion of his indictment and sentence were illegally imposed because no one testified to certify the documentation of his prior convictions. *See Burrell*, 183 So. 3d at 24-25. The claim raised by Burrell on direct appeal did not contain the same facts and legal theories as presented in the instant claim. Rather, he did not argue that his sentence is illegal because he was sentenced under a different statutory provision than the statute of indictment until his second post-conviction petition. Therefore, the precise claim raised here was waived in direct appeal and his initial post-conviction petition.

The Fifth Circuit Court of Appeals has held that the waiver found in Miss. Code Ann. §99-39-21(1) is an independent state procedural bar. *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Further, while noting the absence of a Fifth Circuit decision on the adequacy of the successive writ bar contained in Miss. Code Ann. § 99-39-27(9), this Court has found the successive writ provision to be an adequate procedural State bar. *McManis v. DeSoto County Circuit Court*, No. 2:04CV261-M-B, 2007 WL 869617, at *4 (N.D. Miss. March 20, 2007)

(noting Fifth Circuit has upheld Mississippi's successive writ bar in an almost identical statute,

citing *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir. 1998)).

While Burrell argues, correctly, that an allegation of illegal sentence may be excepted

from the procedural bars of the Mississippi Uniform Post-Conviction Collateral Relief Act, Miss.

Code Ann. § 99-39-1, *et seq.*, the Mississippi Supreme Court has also found there must be some

basis for the claim in order to exempt application of the bar. *See* Doc. #9-3. In this case, the

State court found Burrell's claim barred as it lacked any arguable basis. *See id.* Therefore, the

Court finds that Burrell has not demonstrated that the either the successive writ or the waiver

bars are inapplicable, and he has not demonstrated cause and prejudice or actual innocence to

overstep the bar. Burrell has defaulted his federal habeas claim pursuant to an independent and

adequate State law rule.

### b) Ground Four

In Ground Four, Burrell asserts that his trial counsel was constitutionally ineffective for

failing to call Patricia Newell as a defense witness. Burrell raised these allegations in his second

application for permission to proceed with a motion for post-conviction collateral relief. The

State court found this claim to be procedurally barred due to its waiver provisions in Miss. Code

Ann. §99-39-21(1) and as part of an impermissible successive petition pursuant under Miss.

Code Ann. §99-39-27(9).

As noted above, while some allegations of ineffective assistance of counsel may be

exempted from the waiver and successive writ bars under Mississippi law if there is some

arguable basis for the truth of the claim, the State court found in this case that "Burrell's

ineffective assistance claims lack any arguable basis and are thus barred." Doc. #9-3. The Court

10

finds that Burrell has not demonstrated that the either the successive writ or the waiver bar is inapplicable, and he has not demonstrated cause and prejudice or actual innocence to overstep the bar. Therefore, he has defaulted his federal habeas claim pursuant to an independent and adequate State law rule.

## IV
## Ground Two

Burrell claims that the trial court erred in failing to grant his motion for a new trial, because the verdict was against the overwhelming weight of the evidence. It is a fundamental principle that "[a] federal habeas court has no power to grant habeas relief because it finds that the state conviction is against the 'weight' of the evidence . . . ." *Young v. Kemp,* 760 F.2d 1097, 1105 (11th Cir. 1985). A challenge to the sufficiency of the evidence may, however, form a basis for federal habeas relief if the evidence, viewed in the light most favorable to the State, is such that no reasonable factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

This issue was considered by the Mississippi Supreme Court on direct appeal. That court held:

> Kidnapping can be proven in three ways. To be convicted of kidnapping, the State must prove that the defendant:
> 1. acting without lawful authority, and
> 2. with or without intent to secretly confine,
>     a. forcibly seized and confined another person; or
>     b. inveigled or kidnapped another person with intent to cause such person to be confined or imprisoned against his will; or
>     c. forcibly seized, inveigled or kidnapped any vulnerable person as defined in Section 43–47–5 or any child under the age of sixteen (16) years against the will of the parents or guardian or person having the lawful custody of the child.
> *See* Miss.Code Ann. § 97–3–53 (Rev.2014). In the instant case, the indictment invoked the first method, charging that Burrell did "without authority of law, and

11

with or without intent to secretly confine, forcibly seize and confine Charlie Jeter." We hold that the evidence was sufficient for the jury to find that Burrell forcibly seized and confined Charlie.

***

Burrell's claim that he may be guilty of trickery, but not kidnapping, is entirely without merit. Intent to kidnap is not required. "[K]idnaping is not a specific intent crime. Therefore, it is sufficient that the surrounding circumstances resulted in a way to effectively become a kidnaping as opposed to the actual intent to kidnap." *Milano v. State*, 790 So.2d 179, 187 (¶ 32) (Miss.2001) (quoting *Williams v. State*, 445 So.2d 798, 809 (Miss.1984)). Burrell did not need to have intended to kidnap Charlie.

It is undisputed that Burrell told Charlie he could get cigarettes for $1 a carton and enticed Charlie to the parking lot to procure the cigarettes. Surveillance footage showed Burrell and Charlie walking through the casino together. At one point Charlie got his wallet out and appeared to be looking for cash. They stopped at a machine where, according to Burrell, Charlie cashed in his tickets. They stopped again, apparently to get the keys from Fredna, although she was not visible on the video. Then they walked out of the casino and into the parking lot together. A gun was not visible in the surveillance footage, but the security personnel and officers who testified said a gun would not be visible from that distance. Thus, the fact that a gun is not visible in the footage is not proof that there was no gun. Burrell claimed that Charlie had let him into the car willingly under the premise of driving to the Exxon to get the cigarettes. Charlie, however, testified that Burrell had ordered him into the car at gunpoint. Charlie and Burrell both testified that Charlie had dropped off Burrell at his neighborhood. Charlie drove straight back to the casino, where his wife had involved the police because Charlie had been gone for two hours. Fredna and several others testified that Charlie was visibly shaken up when he returned.

"The jury determines the weight and credibility of witness testimony." *Jones*, 154 So.3d at 880 (¶ 24) (quoting *Nelson v. State*, 10 So.3d 898, 905 (¶ 29) (Miss.2009)). The jury was responsible for determining whether Charlie or Burrell was more believable. If the jury believed Charlie, then the testimony and circumstantial evidence were sufficient to prove that Burrell "forcibly seized and confined" Charlie. According to Charlie, Burrell enticed him to the parking lot with his cigarette con, forced him into the car at gunpoint, confined him in the car, and forced him to drive to Memphis. The surveillance footage and other testimony support Charlie's account. "[C]ircumstantial evidence is sufficient to sustain a charge of kidnaping." *Milano v. State*, 790 So.2d 179, 187 (¶ 32) (Miss.2001) (citing *Underwood v. State*, 708 So.2d 18, 35 (Miss.1998)). Viewing the evidence in the light most favorable to the verdict, the verdict is not "so contrary to the overwhelming weight of the evidence that to allow it to stand

12

would sanction an unconscionable injustice." *Jones*, 154 So.3d at 880 (¶ 24). The issue is without merit.

*Burrell*, 183 So. 3d at 22-24.

Burrell's challenge to the weight of the evidence is not cognizable on federal habeas review. Insofar as Burrell challenges the sufficiency of the evidence, however, Court finds that the evidence presented in this case is sufficient such that a reasonable factfinder could find the elements of the crime beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319. Accordingly, the Court finds that the decision rejecting this claim is not based on an unreasonable determination of facts in light of the evidence presented, and that the decision is not contrary to, nor does it involve an unreasonable application of, clearly established federal law. This claim will be dismissed.

## V
## Certificate of Appealability

Burrell must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). A COA will not issue unless a petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which he may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, Burrell must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its

procedural ruling." *Slack*, 529 U.S. at 484. Applying this standard, the Court concludes that a COA should be denied in this case.

**VI**
**Conclusion**

For the foregoing reasons, Burrell's petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A certificate of appealability is **DENIED**. A separate final judgment in accordance with this opinion and order will issue today.

**SO ORDERED, THIS** the 25th day of July, 2017.


/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**

14